**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4458

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACY LORENZO BROWN, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:22-cr-00134-REP-1)

Submitted:  September 30, 2025                    Decided:  October 20, 2025

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Alexandria, Virginia, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracy Lorenzo Brown, Jr., pled guilty, without a plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and possession with intent to distribute methamphetamine, fentanyl, cocaine, and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (b)(1)(C). The district court classified Brown as a career offender and sentenced him to 155 months' imprisonment. Brown appeals, and we affirm.

On appeal, Brown challenges his career offender classification by relying on *United States v. Campbell*, 22 F.4th 438, 441-44 (4th Cir. 2022) (holding that West Virginia offense of delivery of crack cocaine, which defined "delivery" to include "attempted transfer," was not a "controlled substance offense" under the Sentencing Guidelines). Brown contends that his prior drug convictions under Va. Code Ann. §§ 18.2-248, 18.2-248.1, do not categorically qualify as controlled substance offenses under U.S. Sentencing Guidelines Manual § 4B1.2(b) (2021) because—unlike that operative version of the Guidelines Manual—the statutes cover attempt offenses.

The Government contends that *United States v. Groves*, 65 F.4th 166 (4th Cir. 2023), controls. In *Groves*, we distinguished the federal drug distribution statute, 21 U.S.C. § 841(a)(1), on the ground that "the West Virginia scheme—at least as it was presented in *Campbell*—does not criminalize attempt offenses separately from completed drug distribution offenses." 65 F.4th at 173. Because the federal scheme criminalizes attempt offenses separately in 21 U.S.C. § 846, we reasoned that "to construe § 841(a)(1) to criminalize an attempt offense would render § 846 wholly superfluous." *Id.* at 173-74 (citation modified). We thus explained that "an 'attempted transfer'" under the federal

2

distribution statute is properly viewed "as a completed delivery rather than an attempt crime." *Id.* at 172 (citation modified).

We held this appeal in abeyance for *United States v. Nelson*, __ F.4th __, __, 2025 WL 2372029, at *4 (4th Cir. Aug. 15, 2025), where we recently confirmed that Va. Code Ann. § 18.2-248 remains a proper career offender predicate. As we explained,

> Since *Groves*, we have rejected similar efforts to analogize state drug distribution statutes to *Campbell*'s West Virginia statute, on the ground that each of those states has a statutory scheme—like the federal scheme involving § 841(a)(1) and § 846 at issue in *Groves*, and unlike the West Virginia scheme as it was presented in *Campbell*—that criminalizes attempt offenses separately from completed offenses.

*Id.* (collecting cases). Because "Virginia also has a scheme that criminalizes attempt offenses separately from completed offenses and that is materially indistinguishable from the state and federal schemes analyzed in *Groves* and its progeny," *see id.*, *Nelson* confirms that Brown's Virginia convictions are proper predicates for his challenged career offender enhancement.[*]

Accordingly, the district court did not err by sentencing Brown as a career offender. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Our analysis in *Nelson* concerning Va. Code Ann. § 18.2-248 applies with equal force to Brown's conviction under Va. Code Ann. § 18.2-248.1.